Filed 7/17/23  P. v. Moore CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE, | C096479 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 19CR14763, 20CR15704, 21CR16238) |
| v. | |
| KELLY MULLINS MOORE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Kelly Mullins Moore has asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Having conducted this review, we will modify the judgment to dismiss/strike certain counts/allegations that should have been disposed of pursuant to defendant's plea agreement.  Finding no other errors that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

1

FACTUAL AND PROCEDURAL BACKGROUND

On November 20, 2020, defendant resolved multiple cases by pleading guilty to second degree burglary (Pen. Code, § 459)[1] in case No. 19CR14763 (the burglary case) and admitting he had suffered a prior strike (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)) for a stipulated prison term of six years (the upper term doubled). In exchange, the court dismissed the remaining counts and allegations and further dismissed six other pending cases. Defendant failed to appear for his sentencing hearing on January 8, 2021, resulting in the issuance of a warrant for his arrest.

In the meantime, on December 18, 2020, the People filed a complaint in case No. 20CR15704 (the vehicle theft case) charging defendant with two counts of felony theft of a vehicle with a prior (§ 666.5, subd. (a); counts I & II) and receipt of stolen property (§ 496, subd. (a); count III). The complaint further alleged numerous enhancements, including that defendant had suffered two previous convictions for violating Vehicle Code section 10851, subdivision (a) (counts I & II), that defendant had been released on bail or on his own recognizance at the time of the offenses (§ 12022.1), and that defendant had suffered a prior strike (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)).

On April 23, 2021, defendant failed to appear in court on both the burglary case and the vehicle theft case. On June 21, 2021, the People filed a complaint in case No. 21CR16238 (the failure to appear case) charging defendant with two counts of willful and unlawful failure to appear (§ 1320, subd. (b)) for that nonappearance. The complaint further alleged defendant had suffered a prior strike. (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1).)

---

[1] Undesignated statutory references are to the Penal Code.

On March 25, 2022, defendant resolved the vehicle theft case and the failure to appear case through a plea agreement, which included a stipulated sentence. In the vehicle theft case, defendant pled guilty to one count of grand theft of a vehicle and admitted one prior strike and one prior conviction of unlawful driving or taking of a vehicle. In the failure to appear case, defendant pled guilty to one count of failure to appear and admitted the prior strike. Defendant would receive six years (the upper term, doubled) in the burglary case, plus two years consecutive (one-third the midterm, doubled) for the vehicle theft case, plus 16 months consecutive (one-third the midterm doubled) for the failure to appear case. In exchange, the remaining counts would be dismissed. However, the trial court neglected to actually order this action.

On April 22, 2022, the trial court sentenced defendant in accordance with the plea agreement to an aggregate prison term of nine years four months. The trial court further imposed a $1,800 restitution fine (§ 1202.4) and a suspended $1,800 parole revocation restitution fine (§ 1202.45) in the burglary case; a $600 restitution fine (§ 1202.4) and a suspended $600 parole revocation restitution fine (§ 1202.45) in the vehicle theft case; and a $300 restitution fine (§ 1202.4) and a suspended $300 parole revocation restitution fine (§ 1202.45) in the failure to appear case. Finally, at a later hearing, the court awarded defendant credit for 305 actual days plus 304 conduct days for a total of 609 custody credit days in the burglary case. The court awarded one day of custody credit in the vehicle theft case and no custody credit in the failure to appear case.

Defendant timely filed notices of appeal in all three cases on June 8, 2022, and did not request certificates of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right

3

to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we observe that the trial court failed to orally dismiss the remaining count and strike the remaining allegations pursuant to the negotiated disposition in the vehicle theft case. We will modify the judgment to correct this failure. Finding no other errors that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

### DISPOSITION

The judgment in the vehicle theft case (case No. 20CR15704) is modified to reflect the dismissal of the remaining count and the striking of all enhancing allegations except the prior strike allegation. Because the March 25, 2022, minute order already reflects this action, no amendment to that document is necessary. The judgment is affirmed as modified.


                     /s/
                  BOULWARE EURIE, J.


We concur:


    /s/
KRAUSE, Acting P. J.


    /s/
MESIWALA, J.


4